Filed 7/24/15  In re Ferguson CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL - FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re KENNETH MICHAEL FERGUSON<br><br>on<br><br>Habeas Corpus. | D067284 |

Original proceeding on a petition for writ of habeas corpus.  Petition dismissed as moot.

Law Office of Marc Eric Norton and Marc Eric Norton for Petitioner.

Kamala D. Harris, Attorney General, Jennifer A. Neill, Assistant Attorney General, Phillip J. Lindsay and Gregory J. Marcot, Deputy Attorneys General, for Respondent.

In 2014, the Board of Parole Hearings (Board) found that Kenneth Michael Ferguson did not pose an unreasonable risk to society and was suitable for parole.  The Governor requested that the Board review the decision en banc.  (Pen. Code, § 3041.1, undesignated statutory references are to this code.)  After its en banc review, the Board vacated the earlier grant of parole.  Ferguson challenges the Board's decision, contending

he was deprived of due process because the doctrine of res judicata barred the decision and no evidence establishes a rational nexus to support the Board's conclusion that he is currently dangerous. As we shall explain, we dismiss the petition as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

This is Ferguson's third petition for writ of habeas corpus relating to the Board's decisions regarding parole. In the first and second petitions, we set forth Ferguson's preconviction history, facts relating to the life offense, and Ferguson's postconviction conduct dating to the time of the 2010 and 2013 parole hearings. (*In re Ferguson* (Dec. 19, 2012, D061630) [nonpub. opn.] (*Ferguson I*); *In re Ferguson* (April 7, 2014, D064600) [nonpub. opn.] (*Ferguson II*).) We take judicial notice of these prior opinions. (Evid.Code, § 452, subd. (d)(1).) Since these prior opinions summarize the history of the case, we will not repeat those facts.

In 2014, the Board found Ferguson did not pose an unreasonable risk to society and was suitable for parole. The Governor requested that the Board review the decision en banc. (§ 3041.1.) After its en banc review, the Board issued a minute order on November 18, 2014 (the 2014 minute order) memorializing the Board's en banc ruling on a motion to vacate a prior decision granting Ferguson parole and scheduled a new hearing. The 2014 minute order indicated that the motion was made, seconded and carried. Specifically, the 2014 minute order "vacate[d]" the earlier grant of parole, indicated a new hearing would be scheduled and ordered an investigation of Ferguson's "institutional programming related to domestic relationships." Ferguson challenges the Board's decision.

2

We requested the parties address in the return and traverse whether this motion constituted a final en banc decision vacating the prior decision granting petitioner parole, or whether the passing of the motion constituted a decision that the Board would conduct an en banc hearing on the matter under section 3041.1 and then issue a final decision. We requested that the parties provide any additional documents regarding the en banc hearing, such as a transcript of the hearing including a list of the commissioners taking part in the en banc hearing. If such documents did not exist, the parties were to so indicate.

Assuming that the 2014 minute order constituted a final en banc decision vacating the prior decision granting Ferguson parole, the parties were to address in the return and traverse whether: (1) "a majority of commissioners specifically appointed to hear adult parole matters" reviewed the matter, (2) the Board complied "with the provisions of this chapter" in conducting its en banc review, and (3) the Board properly ordered an investigation regarding the petitioner's institutional programming related to domestic relationships. (§ 3041.1.) Assuming, without deciding, that the Board did not comply with all applicable provisions in conducting its en banc review, the parties were directed to address the appropriate remedy.

In her return, the Attorney General indicated that, given our questions, the Board would reconsider its review of Ferguson's parole grant at its next regularly scheduled en banc meeting and either uphold the parole grant or schedule a parole rescission hearing. The Attorney General suggested we "dismiss the petition because if the en banc Board affirms the parole grant, the matter will be moot. And if the en banc Board schedules a

3

parole rescission hearing, the matter will not be ripe for adjudication unless and until a panel rescinds Ferguson's parole grant."

In a supplemental return, the Attorney General stated that the Board met en banc on April 21, 2015 to, among other things, reconsider the 2014 minute order. Thereafter, the Board scheduled a rescission hearing for August 21, 2015. The Attorney General asserts the instant petition is moot because the April 21, 2015 en banc order (the 2015 minute order) expressly superseded the 2014 minute order.

DISCUSSION

I. *Mootness*

Ferguson asserts all the evidence presented in this case since August 2010 supports a conclusion that he is not currently dangerous to be released on parole and he "has been trapped on the Board's merry-go-round of hearings for five years with no hope of ever getting off this merry-go-round" unless we issue a third order for his immediate release.

While we sympathize with Ferguson's predicament, the statutes governing parole board hearings provide that "[u]p to 90 days prior to a scheduled release date, the Governor *may request review* of any decision by a parole authority concerning the grant or denial of parole to any inmate in a state prison. (§ 3041.1, italics added.) "When a request has been made, the request shall be reviewed by a majority of commissioners specifically appointed to hear adult parole matters and who are holding office at the time. In case of a review, a vote in favor of parole by a majority of the commissioners

4

reviewing the request shall be required to grant parole to any inmate. In carrying out any review, the board shall comply with the provisions of this chapter." (*Ibid.*)

Here, the Governor expressed concern that Ferguson was not ready to be released. He referred the matter back to the Board for en banc consideration, properly stating reasons for his request. In its 2014 minute order, which is the subject of the instant writ petition, the Board indicated that a motion to "[v]acate the panel's July 25, 2014, decision to grant parole and schedule a new hearing" had been carried. The Board's website contains a list of definitions, including "Hearing Result Terminology." (<http://www.cdcr.ca.gov/BOPH/pshResults.html> [as of July 24, 2015].) The term "vacate" is not defined. (*Ibid.*) The California Code of Regulations at sections 2040 et seq. address individual case decisions for life prisoners. The Regulations provide at section 2041 for review of proposed decisions. The Regulations provide at subdivision (a) of section 2044 for en banc review of any proposed decision or requests for review from the Governor under section 3041.1. The Regulations provide at subdivision (c) of section 2044 that "[i]f a majority of the board disagrees with the decision reached by a majority of the panel, the decision is vacated and the matter shall be scheduled for a new hearing. The decision from the new hearing shall be the decision in the case subject to [Regulation §] 2041."

Confused by the above language and the Board's action, we requested the parties address whether the 2014 minute order constituted a final en banc decision vacating the prior decision granting parole or whether it simply amounted to a decision that the Board would conduct an en banc hearing on the matter under section 3041.1 and then issue a

5

final decision. The Attorney General conceded that the 2014 minute order "[v]acat[ing] the panel's July 25, 2014, decision to grant parole" constituted a final en banc decision by the Board. To "vacate" means to "nullify or cancel; make void; invalidate." (Black's Law Dict. (9th ed. 2009) p. 1688.) Thus, the Board's 2014 minute order vacating the grant of parole was equivalent to an order rescinding the grant of parole.

A parole date, however, may only be rescinded for good cause at a rescission hearing. (Cal. Code Regs., tit. 15, § 2450; *In re Powell* (1988) 45 Cal.3d 894, 901.) Good cause exists if the parole authority reasonably determines, due to the circumstances at the time or circumstances that have appeared since, that parole was improvidently granted. (*In re Powell*, *supra*, at p. 902.) The procedures for the rescission hearing are prescribed by statute and by the California Code of Regulations. (§§ 3041.5(a), 3041.7; Cal. Code Regs., tit. 15, §§ 2450 to 2470.) Briefly, the prisoner has substantive and procedural rights at a rescission hearing similar to those granted prisoners at parole suitability hearings. (*Id.* at § 2465.) Additionally, in carrying out any review, the Board must comply "with the provisions of this chapter." (§ 3041.1.) Thus, the 2014 minute order vacating or rescinding the prior decision granting parole violated Ferguson's substantive and procedural due process rights as the Board did not follow the proper procedures for a rescission hearing.

The Board impliedly recognized its error by stating in the return: "In light of the Court's questions, the Board will reconsider its review of Ferguson's parole grant on April 21, 2015, at its next regularly scheduled en banc meeting. At that time, a majority of the en banc Board will either uphold the July 25, 2014 parole grant or schedule a parole

6

rescission hearing."  At the later hearing in April 2015, the Board issued the 2015 minute order that reconsidered and amended the 2014 minute order to read " '[r]efer for a rescission hearing to consider the concerns stated by the Governor.'"  The Attorney General stated in her supplemental return that "Ferguson's parole grant is not affected unless a panel determines that good cause exists to rescind the grant after a full rescission hearing on the merits."

"Appellate courts decide only actual controversies.  Consistent therewith, it has been said that an action, originally based upon a justiciable controversy, cannot be maintained on appeal if the questions raised therein have become moot by subsequent events."  (*Clark v. Mazgani* (2009) 170 Cal.App.4th 1281, 1290, fn. 5.)  In a criminal case, however, the mootness doctrine may not apply where the defendant will suffer collateral legal consequences on the basis of the challenged decision.  (See, e.g., *People v. Ellison* (2003) 111 Cal.App.4th 1360, 1368-1369.)

Here, the 2015 minute order expressly superseded and thus mooted the 2014 minute order.  No effective relief can be granted on the 2014 minute order and Ferguson will not suffer any collateral legal consequences because the Board, en banc, will be considering whether to rescind the grant of parole at the August 2015 rescission hearing where Ferguson will be entitled to all substantive and procedural due process rights.  Notably, at the August 2015 rescission hearing, the Board may conclude that good cause does not exist to rescind Ferguson's parole release date, thus mooting the entire controversy.  Accordingly, the petition must be dismissed as moot.

## II. *Sanctions*

In his petition and return, Ferguson requests sanctions against the Board for the financial burden of filing this petition. Citing the "interests of justice," he seeks an award of costs under California Rules of Court, rules 8.278 and 3.1702, or any other provision of law that provides for monetary relief. (All rule references are to the California Rules of Court.) Citing Code of Civil Procedure section 1021.5, he also requests an award of attorney fees.

"Private attorney general" fees [under Code of Civil Procedure section 1021.5 are] intended to effectuate public policy by "'"awarding substantial attorney's fees . . . to those who successfully bring such suits and thereby bring about benefits to a broad class of citizens."'" (*Woodland Hills Residents Assn., Inc. v. City Council* (1979) 23 Cal.3d 917, 933.) Here, Ferguson has not shown that this writ proceeding enforced an important right affecting the public interest or that it benefits a broad class of citizens. Accordingly, an award of private attorney general fees is not appropriate.

Nor has Ferguson shown an award of costs is appropriate. Rules 8.278 and 3.1702 apply only to civil appeals. Although rule 8.493 allows the prevailing party in an original proceeding to costs when the matter is resolved by the issuance of a peremptory writ, Ferguson is not a prevailing party and the rule does not apply "in a criminal or juvenile or other proceeding in which a party is entitled to court-appointed counsel." (Rule 8.493(a)(1); Rule 4.551(c)(2) ["On issuing an order to show cause, the court must appoint counsel for any unrepresented petitioner who desires but cannot afford counsel."].)

### III. *Conduct of the Rescission Hearing*

Where, as here, parole has been granted, it may be rescinded only upon a showing of good cause. (*In re Powell*, *supra*, 45 Cal.3d at p. 901; Cal. Code Regs., tit. 15, § 2450; see §§ 3040, 3063.) A rescission panel may not find good cause based upon its disagreement with the granting panel's assessment of the facts. (*In re Caswell* (2001) 92 Cal.App.4th 1017, 1027.) "[T]he proper focus is on the findings and conclusions that were central to the original panel's ultimate decision to grant parole." (*Id.* at p. 1029.) An adequate factual underpinning must exist for the Board's determination of cause. (*Id.* at p. 1027.) When the "basis for the rescission [is] not new evidence, but a purportedly inadequate consideration of evidence by the granting Board," (*id.* at 1028) the ground for rescission must "reflect[] more than a mere disagreement with the ultimate determination reached by the [granting] panel." (*Id.* at 1034.) Instead, the rescission panel must "target[] a specific conclusion of the granting panel and establish[] the disparity between the conclusion and the evidence." (*Ibid.*) It must be presumed that the panel granting parole considered all the evidence before it. (*Id.* at p. 1031.)

Additionally, we urge the Board to familiarize itself with *Ferguson I* and *Ferguson II* wherein we granted writ relief. A final judgment granting habeas corpus relief is res judicata. (*In re Fain* (1983) 139 Cal.App.3d 295, 301.) Nonetheless, the doctrine of res judicata does not "'operate so as to prevent a re-examination of the same question between the same parties where, in the interval between the first and second actions, the facts have materially changed or new facts have occurred which may have altered the legal rights or relations of the litigants.'" (*Ibid.*) The Governor's concerns,

9

like public outcry, do not constitute good cause for rescission. (See *Id.* at p. 302.) Emotion plays no part in parole decisions; rather such decisions must be based on specific information. (*Ibid.*)

We also remind the Board of the disposition in *Ferguson II*; namely, that it is bound by our "findings and conclusions regarding the evidence in the record" and by our "conclusion that no evidence in the record before [us] supports the Board's determination that [Ferguson] is unsuitable for parole." (*In re Prather* (2010) 50 Cal.4th 238, 258.) The Board is precluded from denying parole unless some "*additional* evidence," considered alone or in conjunction with other evidence in the record, and not already considered and rejected by us, supports a determination that Ferguson remains currently dangerous. (*Ibid.*)

## DISPOSITION

The petition is dismissed.

MCINTYRE, J.

I CONCUR

MCDONALD, J.

I CONCUR IN THE RESULT:

MCCONNELL, P. J.

10